1  BOBBY GHAJAR #198719
   bobby.ghajar@pillsburylaw.com
2  JAMES R. CADY #213377
   james.cady@pillsburylaw.com
3  PILLSBURY WINTHROP SHAW PITTMAN LLP
   2550 Hanover Street
4  Palo Alto, CA 94304-1115
   Telephone: (650) 233-4500
5  Facsimile No.: (650) 233-4545

6  MARCUS D. PETERSON #265339
   marcus.peterson@pillsburylaw.com
7  PILLSBURY WINTHROP SHAW PITTMAN LLP
   725 South Figueroa Street, Suite 2800
8  Los Angeles, CA 90017-5406
   Telephone: (213) 488-7100
9  Facsimile No.: (213) 629-1033

10 Attorneys for Plaintiff
   EBAY INC.

11                 UNITED STATES DISTRICT COURT

12                NORTHERN DISTRICT OF CALIFORNIA

13

14 EBAY INC., a Delaware corporation,           Case No. CV 13-02853 DMR

15                    Plaintiff,                COMPLAINT FOR DAMAGES AND
                                                INJUNCTIVE RELIEF
16        vs.

17 DOTCOM RETAIL LIMITED, a United              DEMAND FOR JURY TRIAL
   Kingdom company; BEAUTYBAY.COM
18 LIMITED, a United Kingdom company

19                    Defendants.

20

21        Plaintiff eBay Inc. ("eBay") alleges as follows:

22        1.    This is a case involving the willful infringement and dilution of one of the

23 most famous trademarks in the world: EBAY®. Defendants Dotcom Retail Limited

24 ("Dotcom") and BeautyBay.com Limited ("BeautyBay") (collectively, "Defendants") are

25 United Kingdom-based companies that adopted the trademark BEAUTYBAY for an e-

26 commerce website for beauty products located at www.beautybay.com, targeting the same

27 consumers that purchase goods on eBay's worldwide e-commerce platform. Defendants

28

1    also adopted and used other marks that feature the distinctive suffix "BAY" in connection

2    with their e-commerce business, all in the attempt to capitalize on the renown and

3    popularity of the EBAY mark. Indeed, those other marks, such as "ClearanceBay," contain

4    the entirety of the EBAY mark. Defendants' conduct violates well-settled precedent in this

5    circuit, state law, the Lanham Act, and the common law doctrines of passing off and unfair

6    competition. eBay seeks injunctive relief and damages to the extent permitted by law.

7    **I.      THE PARTIES**

8         2.      Plaintiff eBay is a Delaware corporation having its principal place of

9    business at 2145 Hamilton Avenue, San Jose, California 95125. eBay is one of the world's

10   foremost e-commerce and online marketplaces.

11        3.      Upon information and belief, Defendant Dotcom is a United Kingdom

12   company with its headquarters in the United Kingdom, with operations and employees in

13   the United States (US). Dotcom shares in the ownership and operation of the

14   BEAUTYBAY business, and is listed as the owner of the domain name

15   www.beautybay.com and pending federal trademark application for the BEAUTY BAY

16   mark.

17        4.      Upon information and belief, Defendant BeautyBay is a United Kingdom

18   company with its headquarters in the United Kingdom, with operations and/or employees in

19   the United States. BeautyBay shares in the ownership and/or operation of the

20   BEAUTYBAY business and the beautybay.com website, and "BeautyBay.com Ltd." is

21   listed on the beautybay.com website as its owner.

22   **II.     JURISDICTION AND VENUE**

23        5.      This Court has personal jurisdiction over Defendants because, on

24   information and belief, they conduct or have conducted business in the State of California

25   under the infringing BEAUTYBAY name and mark; they operate the infringing

26   beautybay.com website targeting and selling products to consumers in California and in this

27   district; have sold and shipped products into California; and have agreements with vendors

28   and suppliers in this district for products that are sold on their website.

COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF
Case No.

6.      This Court has jurisdiction over this matter pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) and (b), and has supplemental jurisdiction under 28 U.S.C. § 1367(a) over eBay's claims under California law.

7.      Venue is proper in this district under 28 U.S.C. §1391.  As stated above in Paragraph 5, eBay is informed and believes that Defendants transact business in or solicit business from this district and may otherwise be found here, and a substantial part of the events giving rise to this litigation, including the injury to eBay, occurred in the Northern District of California.

### III.   INTRADISTRICT ASSIGNMENT

8.      This is an intellectual property action and therefore shall be assigned on a district-wide basis per Civil L.R. 3-2(c).

### COMMON ALLEGATIONS

### IV.   EBAY'S BUSINESS AND ITS MARKS

9.      eBay has operated its ebay.com website under the EBAY name and mark continuously since September of 1995 in connection with its services of providing an online marketplace for buyers and sellers to buy, sell, bid on, and/or trade goods and services. Since that time, eBay has evolved into a global technology company that enables commerce by providing online platforms, tools and services to help individuals and small, medium and large merchants around the globe engage in online and mobile commerce.

10.     eBay offers merchants and individuals the ability to choose to list their products and services either through fixed price listings or an auction-style format.  eBay's fixed price format allows buyers and sellers to close transactions at a predetermined price set by the seller.  In contrast, eBay's optional auction-style format allows a seller to select a minimum price for opening bids, though sellers can also offer to accept purchases at a fixed price for those consumers who are willing to pay over the minimum price and perhaps do not have the ability or desire to wait for an auction.  In 2012, eBay's fixed price listing format continued to increase in popularity on ebay.com, accounting for approximately 66%

1   of eBay's gross merchandise volume ("GMV"), which is defined as the total value of all

2   closed items between users on eBay's marketplace trading platforms.

3        11.    Merchants on eBay have the ability to exhibit all of their listings in a single

4   place on the eBay platform, thereby creating a store within eBay.  Merchants can then use

5   this store format to describe their businesses and product offerings via customized pages on

6   the eBay site.

7        12.    The vast array of goods and services offered on the eBay platform are

8   organized according to key categories that represent various market sectors.  For example,

9   there are categories such as "Antiques," Consumer Electronics," and notably, "Health and

10  Beauty," which is one of eBay's most successful market segments.  As an example, a

11  screenshot from the "Health and Beauty" category on eBay's website is shown below:



- 4 -

COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF
Case No.

13.     eBay coined the mark EBAY.   In addition to its extensive common law rights in the mark, eBay owns multiple federal US applications and registrations for the EBAY mark and marks incorporating the EBAY mark (together the "EBAY Marks"), including, but not limited to the following:

| Mark | Jurisdiction | Registration No. |
|------|--------------|------------------|
| EBAY | US | 2759150 |
| EBAY | US | 2700675 |
| EBAY | US | 2501043 |
| EBAY | US | 2700836 |
| EBAY | US | 2578260 |
| EBAY | US | 2522630 |
| EBAY | US | 2604374 |
| EBAY | US | 2518652 |
| EBAY | US | 2666767 |
| EBAY | US | 2367932 |
| EBAY | US | 2218732 |
| EBAY | US | 2592515 |
| EBAY | US | 2744717 |
| EBAY | US | 2913401 |
| EBAY | US | 2926481 |
| EBAY TO GO | US | 3441811 |
| EBAY TO GO | US | 3437241 |
| YOU CAN GET IT ON EBAY | US | 3299409 |

A number of these registrations are incontestable pursuant to 15 U.S.C. § 1065.

COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF
Case No.

14.     eBay owns numerous international trademark registrations for the EBAY mark, including, for example, registrations in Australia, China, Hong Kong, India, Indonesia, Japan, Malaysia, New Zealand, Singapore, South Korea, Taiwan, Thailand, Vietnam, the European Union, Benelux, Bulgaria, Czech Republic, Germany, Hungary, Iceland, Norway, Romania, Russia, Switzerland, United Kingdom, Brazil, Canada, Chile, Colombia, Jamaica, Peru, Venezuela, Egypt, Israel, Pakistan, Saudi Arabia, and South Africa.  eBay also owns numerous pending trademark applications for the EBAY mark in various other jurisdictions around the world.

15.     eBay operates its primary website at the domain address www.ebay.com. eBay also operates multiple country-specific eBay-branded online marketplaces, including in numerous countries throughout Europe, Australia, Canada, China, Hong Kong, India, Malaysia, New Zealand, the Philippines, Singapore, and the United States and its services are advertised in those markets.  eBay's services are offered in numerous languages and are accessible via the internet from virtually any location around the globe.

16.     Since its inception, eBay has registered over 288 million users around the world.  In 2012, there were over 112 million active eBay users, meaning users who had bid on, bought, or listed an item on eBay in the last twelve months.  The company currently hosts tens of millions of listings of items for sale or bid on its ebay.com website in approximately 50,000 categories, including beauty supply products and fragrances, for which there are currently nearly one million items listed.  Globally speaking, eBay boasts more than 350 million listings across all of its eBay country-specific platforms.  The eBay website generates well over 1 billion page views per day.  In 2012, these page views have generated over US$2,100 in transactions *per second*, amounting to a grand total of over US$67 billion in goods sold on eBay.  Over the years, ebay.com has ranked among the most visited websites in the world, and reached the top ten most visited websites in the United States in terms of internet traffic.

17.     eBay has adapted to the ubiquity of the internet and adoption of mobile internet devices.  Consumers not only reach eBay's marketplace through computers, but

also through mobile internet devices such as smart phones and tablet computers.  The
number of mobile transactions (*i.e.* through smart phones and tablet computers) for
products purchased or sold on eBay's e-commerce platform has grown exponentially over
recent years.  Indeed, the proliferation of mobile technology and changes in user behavior
has led to the blurring of traditional notions of off-line commerce, on-line commerce, m-
commerce, and e-commerce such that today they have all merged into simply commerce.

18.     In addition to operating its world-famous commerce platform, eBay
generates a large amount of business through marketing services, classifieds and
advertising.  The US and international eBay online marketplaces enjoy widespread
recognition as high-quality trading forums, and the EBAY Marks embody the substantial
goodwill that eBay has earned as a result of providing a diverse and reputable marketplace.

19.     eBay has devoted substantial resources to advertising and promoting its
products and services under the EBAY Marks.  It has spent many millions of dollars on
worldwide advertising and promotion.  eBay has advertised and promoted the EBAY mark
across many global sites on the internet, including YouTube, AOL, Yahoo!, Google,
Facebook, and MSN, and in print, radio and television media, through venues such as trade
shows and on college campuses.  eBay's advertising efforts have included various high-
profile television advertising campaigns, with placement during popular prime time
programming and major sporting events.  eBay's founder and its executives are often called
upon to speak, and interviews of them have been featured in prominent radio and television
programs and outlets such as *The Today Show*, National Public Radio, and the National
Press Club.  eBay has received the Marketing Excellent Award from the Chartered Institute
of Marketing, and earned the prestigious silver CLIO Award in the Packaging Category for
its "eBay Box." As a result of all of these efforts, the EBAY name and mark are famous
worldwide and embody substantial and valuable goodwill.

20.     In addition to its own advertising and promotion efforts across all media,
eBay has been the subject of thousands of unsolicited articles in the media, including
national and international print, radio and television, highlighting eBay's pioneering and

successful efforts in online commerce.  eBay is one of the most successful shopping sites on the internet.

21.     The success of eBay's branding has been the subject of numerous awards as recognized by the media worldwide.  In its report of *Best Global Brands 2012*, Interbrand ranked eBay as the 36th most valuable brand in the world – ahead of such famous brands as GUCCI, SONY, FORD, NESTLE, XEROX, ADIDAS, VISA, STARBUCKS, and JOHNSON & JOHNSON.  eBay was also ranked 36th in 2011.  In that same year, Interbrand ranked eBay as the twelfth most valuable US retail brand.  eBay consistently ranks as one of the top two most valuable brands in the Internet Services Sector.  According to Interbrand, eBay's estimated value has steadily increased over the past nine years:

| Year | eBay's Estimated Brand Value* |
|------|-------------------------------|
| 2012 | 10.95 |
| 2011 | 9.81 |
| 2010 | 8.45 |
| 2009 | 7.35 |
| 2008 | 7.99 |
| 2007 | 7.45 |
| 2006 | 6.75 |
| 2005 | 5.70 |
| 2004 | 4.70 |
|      | *Source – Interbrand (in billions)* |

COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF
Case No.

22.     For years, eBay has garnered many other accolades, among them the 2007 National Medal of Technology and Innovation award by the President of the United States; Verisign's distinguished ".com 25" for pioneering internet innovation; *Fortune* magazine's "Top 100 Fastest Growing Companies" (ranking eBay as 8th) in August 2003; *Business Week Online*, "The eBay Economy" in August 2003; *Red Herring* magazine's "The Top 100 Companies Most Likely to Change the World" in May 2001; Harvard Business School's "Entrepreneurial Company of the Year" in May 2000; *Forbes* magazine's "Favorite Auction Site" in December 1999; *Business Week* magazine's "Info Tech 100" in July 1999; *Ad Week* magazine's "Top Marketers of the Year" in May 1999; and The Webby Award's "Top E-Commerce Site" in March 1999.

23.     eBay takes its role as a responsible corporate citizen very seriously.  Over the years, eBay has received such awards as the PG&E Integration Award, the 2012 Uptime Institute Green Enterprise IT Award, Ethisphere.com's 2011 World's Most Ethical Companies, the 2010 Public Counsel Corporate Achievement Award, and the 2010 Social Innovation Award, among numerous other recognitions.

24.     The EBAY mark was found to be famous by both the United States Court of Appeals for the Ninth Circuit (in litigation over the website perfumebay.com) and the United States District Court for the Northern District of New York (in litigation over the website ebaytoo.com).  In addition, numerous WIPO panels have determined that the EBAY mark is famous. *See, e.g., eBay Inc. v. Aragrafi Multimedya Hizmetteri,* WIPO Case No. D2008-1935 (transferring EBAYCATWALK.COM to eBay); *eBay Inc. v. RLE enterprises,* WIPO Case No. D2008-1068 (transferring EBAYIP.COM and EBAYOFIP.COM to eBay); *eBay Inc. v David Sach,* WIPO Case No. D2009-1083 (transferring EBAY-CZ.COM to eBay).

///

## V.    DEFENDANTS AND THEIR WRONGFUL ACTIVITIES

25.    In recent years, eBay learned that Defendants had previously, upon information and belief, operated an e-commerce website at fragrancebay.com called FragranceBay, which wholly contained the term "eBay" in it, together with the related company FragranceBay.com Ltd.  Upon information and belief, FragranceBay.com Ltd has been dissolved and the FragranceBay website is no longer active, though the domain name www.fragrancebay.com is still owned by Defendant Dotcom; while the URL was active, it was a website offering for sale perfumes and other scented products.  Upon information and belief, Defendants selected the FragranceBay trade name, trademark, and domain name to trade off of the goodwill eBay had developed in the EBAY mark.

26.    eBay recently learned that Defendants had, on information and belief, used the mark CLEARANCEBAY, which also contains the term eBay in its entirety, to sell their products and services.  Upon information and belief, Defendants selected the CLEARANCEBAY mark in order to further trade off of the goodwill eBay had developed in the EBAY mark.

27.    Upon information and belief, Defendants eventually decided to rename their e-commerce website and chose the name "BeautyBay," purchased the www.beautybay.com domain name in 2005, and launched their business, though initially, only in the UK, and formed the company BeautyBay.com Limited in 2007, and then expanded to the US.  Not only have Defendants chosen a material element of eBay's arbitrary and famous mark "Bay" to signify an a venue for online shopping, but significantly, from an aural standpoint, the name "BeautyBay" contains the term "eBay" in its entirety, as well.

///

///

///

///

///

///

COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF
Case No.

28.     Defendants' website uses the BEAUTYBAY mark as follows, as a conjoined term:











*Screenshot from www.beautybay.com*

COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF
Case No.

29.     Upon information and belief, Defendants selected the BEAUTYBAY name, trademark, and domain name to trade off of the goodwill eBay had developed in the EBAY mark.  Defendants' website is an e-commerce website focused on skin-care and beauty products.  As previously noted, eBay's health and beauty category is one of its most successful segments.

30.     Upon information and belief, Defendants owns numerous domain names that include "BeautyBay" or a variation thereof.  These include www.beautybay.org, www.beauty-bay.com, and www.beautybay.info, among others.  Upon information and belief, Defendants also own numerous additional domain names that include the "BAY" suffix.  These include www.fragrancebay.com and www.fragrancebay.info, among others.  Defendants also operate a blog at beautybay.com.

31.     Upon information and belief, Defendants actively advertise and draw customers from the US, UK, and other countries to their beautybay.com website through the use of popular search engines and social media platforms, such as Google and Facebook.

32.     Defendants clearly target US consumers through their website, including by soliciting reviews and product purchases, and by offering free shipping to the US.

33.     On October 23, 2009, with full knowledge of eBay's rights and trademark registrations, Defendant Dotcom applied to register the mark BEAUTY BAY (even though its website and URL use the conjoined mark BEAUTYBAY) with the United States Patent and Trademark Office ("USPTO") in connection with "retail store services in the field of fragrances, perfume, toiletries, cosmetics, soaps, shampoos, hair care preparations, skin care preparations, essential oils, sun care and tanning preparations," in International Class 35 – the same Class as the majority of eBay's trademark registrations.

34.     eBay timely filed a Notice of Opposition with the USPTO, objecting to Defendants' attempt to register the BEAUTY BAY mark.  That opposition is pending.

35.     Defendants' BEAUTYBAY marks (including the conjoined and separated uses of BEAUTY and BAY) (hereinafter the "BEAUTYBAY Marks"), as well as its use of

COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF
Case No.

the mark CLEARANCEBAY, are highly similar to the EBAY mark. Defendants' marks follow the same pattern as the many "generic term plus BAY" marks that surfaced following the success of eBay. The term BEAUTY is generic or merely descriptive of Defendants' services (an e-commerce website featuring beauty care products), while the term BAY is completely arbitrary as applied to eBay's various services and those offered by Defendants. By combining the generic term BEAUTY with the dominant, arbitrary, and distinctive term BAY, Defendants created a "generic plus BAY" mark that emulates and calls to mind eBay and its famous e-commerce platform.

36.     The services offered under the BEAUTYBAY Marks are identical and/or highly similar to those provided by eBay. For example, Defendants sell makeup (from brands such as Bare Escentuals and RMK), skin care products (including brands like Gatineau and Vitage), hair care products (from companies including Bedhead and Nioxin), and accessories like brushes, sponges, nail files, and tweezers. eBay provides various services under the EBAY Marks, which includes the online sale of health and beauty products from the same or similar brands as those offered by Defendants.

37.     Further, Defendants' services are identical and/or highly related to, and marketed in the same way as, eBay's services.

38.     Upon information and belief, Defendants selected the BEAUTYBAY Marks, and other "generic plus BAY" marks that contain the entirety of eBay's marks, with full knowledge of, and intent to cause confusion with, the EBAY mark.

39.     eBay is not affiliated or connected with Defendants or their services; nor has eBay endorsed or sponsored Defendants or their services.

40.     There is no issue as to priority of use. eBay began using its EBAY mark in 1995, and enjoys priority as a result of the filing dates of its trademark registrations, well prior to Defendants' first use of the BEAUTYBAY Marks and the filing and priority date of its corresponding US trademark application.

COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF
Case No.

41.     Upon information and belief, Defendants' use of the BEAUTYBAY name and BEAUTYBAY Marks has resulted and is likely to result in actual confusion in the marketplace.

42.     Defendants' unauthorized use of the BEAUTYBAY name and BEAUTYBAY Marks, as well as the other conduct described above:

(a)     is likely to cause confusion (including initial interest confusion), to cause mistake, and/or to deceive customers and potential customers of the parties, as to the origin, sponsorship, or approval of Defendants' products and services, or as to some affiliation, connection, or association of Defendants with eBay;

(b)     enables Defendants to trade on and receive the benefit of goodwill eBay built up at great labor and expense over several years, and to gain acceptance for Defendants' products and services not solely on their own merits, but on the reputation and goodwill of eBay, its trademarks, and its products and services;

(c)     is likely to dilute the distinctiveness of the famous EBAY mark;

(d)     unlawfully removes from eBay the ability to control the nature and quality of products and services provided under its marks and places the goodwill and valuable reputation of its EBAY name and mark in the hands of Defendants, over which eBay has no control; and

(e)     constitutes unfair competition in violation of state, federal, and common law.

43.     eBay has been damaged and continues to be damaged by Defendants' unauthorized use of the BEAUTYBAY Marks and the acts described above.

44.     Unless these acts are restrained by this Court, they will continue to cause irreparable injury to eBay and to the public for which there is no adequate remedy at law.

45.     In spite of multiple attempts by eBay to resolve the dispute amicably, Defendants have persisted in using the BEAUTYBAY Marks, leaving eBay no choice but to file this Complaint and to protect its valuable trademark.

### FIRST CAUSE OF ACTION
### TRADEMARK INFRINGEMENT
### (15 U.S.C. § 1114)

46.     eBay realleges and incorporates herein by reference the matters alleged in Paragraphs 1 through 45 of this Complaint.

47.     The EBAY mark is strong, famous, and distinctive.

48.     The BEAUTYBAY name and BEAUTYBAY Marks are confusingly similar to the EBAY mark in appearance, sound, meaning and commercial impression.  Both eBay and Defendants offer online shopping and e-commerce services through the same channels of trade, namely the internet.  The parties target the same and similar consumers and retailers.  The parties all maintain websites: eBay's website is located at www.ebay.com and was registered in 1995, while Defendants' website is located at the URL www.beautybay.com, which was registered well after eBay adopted its URL.

49.     Defendants are using the BEAUTYBAY Marks in US and international commerce in connection with their business without eBay's consent.  Defendants had actual notice and knowledge, as well as constructive notice, of eBay's ownership, use, and registrations of the EBAY mark pursuant to 15 U.S.C. § 1072 well prior to Defendants' adoption and use of the BEAUTYBAY Marks.

50.     On information and belief, Defendants are likely to expand the scope and nature of the services they offer under the BEAUTYBAY Marks, and have already expanded their use of the marks within the United States by increasingly targeting US consumers.

51.     Given the uniqueness of the eBay name in the field of online commerce, Defendants' use of the confusingly similar BEAUTYBAY Marks, as well as other "generic plus BAY" marks such as CLEARANCEBAY, is likely to attract consumers to Defendants'

services, causing both initial interest and actual confusion as to the source of Defendants' services and their relationship to eBay.

52.     Defendants' unauthorized use of the BEAUTYBAY Marks falsely indicates to consumers that Defendants' products and services are in some manner connected with, sponsored by, affiliated with, or related to eBay and the goods and services of eBay. Defendants' unauthorized use of the BEAUTYBAY Marks is also likely to cause consumers to be confused as to the source, nature and quality of the products and services Dotcom is promoting or selling.

53.     Defendants' unauthorized use of the BEAUTYBAY Marks in connection with the marketing and sale of their products and services allows, and will continue to allow, Defendants to receive the benefit of the goodwill established at great labor and expense by eBay and to gain acceptance of Defendants' goods and services, not based on the merits of those goods or services, but on eBay's reputation and goodwill.

54.     Defendants' unauthorized use of the BEAUTYBAY Marks in connection with the marketing and sale of their goods and services deprives eBay of the ability to control the consumer perception of the quality of the goods and services marketed under the EBAY mark, and places eBay's valuable reputation and goodwill in the hands of Defendants, over which eBay has no control.  Any defects, objections, or faults found with Defendants' services marketed under the BEAUTYBAY Marks could negatively reflect upon and injury the reputation that eBay has established for its services.

55.     Defendants' continued use of the BEAUTYBAY Marks will damage eBay because such use has caused confusion, and is likely to cause further confusion, or to cause mistake, or to deceive consumers or potential consumers in violation of the Lanham Act, 15 U.S.C. § 1114.

56.     eBay has been, is now, and will be irreparably injured and damaged by Defendants' trademark infringement, and unless enjoined by the Court, eBay will suffer further harm to its name, reputation and goodwill.  This harm constitutes an injury for which eBay has no adequate remedy at law.

COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF
Case No.

57.     Defendants' infringement of the EBAY mark is deliberate, willful, and fraudulent, and constitutes a knowing use of the EBAY mark.  eBay is therefore entitled to recover its actual damages, enhanced damages, its attorneys' fees and costs incurred in this action, and prejudgment interest.

## SECOND CAUSE OF ACTION
### FALSE DESIGNATION OF ORIGIN AND TRADE NAME INFRINGEMENT
### (15 U.S.C. § 1125(A))

58.     eBay realleges and incorporates herein by reference the matters alleged in Paragraphs 1 through 57 of this Complaint.

59.     Defendants' use of the BeautyBay trade name and BEAUTYBAY Marks, as well as other "generic plus BAY" marks such as CLEARANCEBAY, falsely suggests that their products and services are connected with, sponsored by, affiliated with, or related to eBay, and constitutes a false designation of origin in violation of 15 U.S.C. § 1125(a).

60.     eBay has been, is now, and will be irreparably injured and damaged by Defendants' aforementioned acts, and unless enjoined by the Court, eBay will suffer further harm to its name, reputation and goodwill.  This harm constitutes an injury for which eBay has no adequate remedy at law.

61.     Defendants' wrongful use of the BEAUTYBAY trade name and Marks is deliberate, willful, and fraudulent, and constitutes a knowing use of a mark confusingly similar to the EBAY mark.  eBay is therefore entitled to recover its actual damages, enhanced damages, its attorneys' fees and costs incurred in this action, and prejudgment interest.

## THIRD CAUSE OF ACTION
### FEDERAL TRADEMARK DILUTION
### (15 U.S.C. § 1125(C))

62.     eBay realleges and incorporates herein by reference the matters alleged in paragraphs 1 through 61 of this Complaint.

COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF
Case No.

63.     The federally registered EBAY mark is highly distinctive and widely recognized among the general consuming public, including consumers, businesses and industry, and identifies the products and services of eBay in the minds of consumers.

64.     To protect the integrity of its famous mark, eBay actively polices against marks that infringe or dilute its marks in the United States.

65.     Defendants' unauthorized use of the BEAUTYBAY name and BEAUTYBAY Marks began after eBay's EBAY mark had become famous.

66.     The BEAUTYBAY trade name and BEAUTYBAY Marks are similar if not nearly identical to the EBAY name and mark.  Thus, Defendants' unauthorized use of the BEAUTYBAY name and BEAUTYBAY Marks has had, and will continue to have, an adverse effect upon the value and distinctive quality of the EBAY mark.  Defendants' acts blur, erode, and whittle away at the distinctiveness, prestige, and identity-evoking quality of the EBAY mark.

67.     Furthermore, given consumers' sensitivity towards divulging financial information, eBay's hard-earned, longstanding reputation in the field of online transactions processing will be tarnished by any missteps by Defendants.

68.     Defendants' acts have diluted and are likely to continue diluting the famous EBAY mark in violation of 15 U.S.C. § 1125(c).

69.     Defendants willfully intended to trade on eBay's image and reputation and to dilute the EBAY mark, acted with reason to know, or was willfully blind as to the consequences of their actions.

70.     eBay has been, is now, and will be irreparably injured and damaged by Defendants' aforementioned acts, and unless enjoined by the Court, eBay will suffer further harm to its name, reputation and goodwill.  This harm constitutes an injury for which eBay has no adequate remedy at law.

///

**FOURTH CAUSE OF ACTION**
**INJURY TO BUSINESS REPUTATION AND**
**DILUTION UNDER CALIFORNIA LAW**
**(CAL. BUS. & PROF. CODE §14247)**

71.    eBay realleges and incorporates herein by reference the matters alleged in paragraphs 1 through 70 of this Complaint.

72.    The EBAY mark is distinctive and famous within the meaning of the California Business and Professions Code.

73.    Defendants' unauthorized use of the BEAUTYBAY name and BEAUTYBAY Marks is likely to injure eBay's business reputation, and has diluted, and/or is likely to dilute, the distinctive quality of the EBAY mark and trade name in violation of the California Business and Professions Code §14247.

74.    Defendants willfully intended to trade on eBay's image and reputation and to dilute the EBAY mark, acted with reason to know, or was willfully blind as to the consequences of their actions.

75.    eBay has been, is now, and will be irreparably injured and damaged by Defendants' aforementioned acts, and unless enjoined by the Court, eBay will suffer further harm to its name, reputation and goodwill.  This harm constitutes an injury for which eBay has no adequate remedy at law.

76.    eBay is therefore entitled to a judgment enjoining and restraining Defendants from engaging in further acts of dilution pursuant to California Business and Professions Code § 14247.

**FIFTH CAUSE OF ACTION**
**COMMON LAW PASSING OFF**
**AND UNFAIR COMPETITION**

77.    eBay realleges and incorporates herein by reference the matters alleged in paragraphs 1 through 76 of this Complaint.

COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF
Case No.

78.     Defendants' aforementioned actions, including but not limited to their unauthorized use of the BEAUTYBAY name and BEAUTYBAY Marks, constitute passing off and unfair competition of the EBAY mark in violation of the common law of California.

79.     Upon information and belief, Defendants engaged and continue to engage in such actions in unfair competition and with the intention of interfering with and trading on the business reputation and goodwill created by eBay through its tireless efforts and investment.

80.     Defendants' wrongful acts have caused and will continue to cause eBay irreparable harm and competitive injury.  eBay has no adequate remedy at law.

81.     Defendants' conduct has been willful, wanton, and in reckless disregard of eBay's rights.

82.     eBay is entitled to a judgment enjoining and restraining Defendants from engaging in further acts of infringement and unfair competition.

### SIXTH CAUSE OF ACTION
### UNFAIR COMPETITION
### (CAL. BUS & PROF. CODE § 17200)

83.     eBay realleges and incorporates herein by reference the matters alleged in Paragraphs 1 through 82 of this Complaint.

84.     Defendants' acts described above constitute unfair competition in violation of California Business and Professional Code § 17200 et seq., as they are likely to deceive the public.

85.     Defendants' acts of unfair competition have caused eBay injury in fact, and will continue to cause eBay irreparable harm.  eBay has no adequate remedy at law for Defendants' unfair competition.

86.     eBay is entitled to a judgment enjoining and restraining Defendants from engaging in further unfair competition.

COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF
Case No.

**SEVENTH CAUSE OF ACTION**
**TRADE NAME INFRINGEMENT**
**(CAL. BUS & PROF. CODE § 14415 AND CALIFORNIA COMMON LAW)**

87.     eBay realleges and incorporates herein by reference the matters alleged in Paragraphs 1 through 86 of this Complaint.

88.     The eBay trade name is distinctive, and symbolizes the tremendous goodwill and reputation that eBay has earned over many years.

89.     The eBay trade name is protectable under California statutory and common law.

90.     Defendants' acts described, including their use of a confusingly similar name in connection with their business, constitute trade name infringement in violation of California Business and Professional Code § 14415 et seq. and California common law.

91.     Defendants' acts of trade name infringement have caused eBay injury in fact, and will continue to cause eBay irreparable harm.  eBay has no adequate remedy at law for Defendants' conduct described herein.

92.     eBay is entitled to a judgment enjoining and restraining Defendants from engaging in further infringement of its trade name.

**PRAYER FOR RELIEF**

WHEREFORE, eBay prays for relief as follows:

1.     Entry of an order and judgment requiring that Defendants and their officers, agents, servants, employees, owners and representatives, and all other persons, firms or corporations in active concert or participation with it, be enjoined and restrained from: (a) using the BeautyBay name, the BEAUTYBAY Marks (as defined above), and the www.fragrancebay.com and www.beautybay.com domain names, or any other confusingly similar name or mark; (b) any further or future use of the CLEARANCEBAY and FRAGRANCEBAY names and marks; (c) doing any act or thing calculated or likely to cause confusion or mistake in the minds of members of the public, or prospective customers of eBay's products or services, as to the source of the products or services offered for sale,

COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF
Case No.

distributed, or sold, or likely to deceive members of the public, or prospective customers,

into believing that there is some connection between Defendants and eBay; and (d)

committing any acts which will tarnish, blur, or dilute, or which are likely to tarnish, blur,

or dilute the distinctive quality of the famous EBAY mark;

2.    A judgment ordering Defendants, pursuant to 15 U.S.C. § 1116(a), to file

with this Court and serve upon eBay within thirty (30) days after entry of the injunction, a

report in writing under oath setting forth in detail the manner and form in which Defendants

have complied with the injunction, ceased all marketing and sales of goods and services

under the BeautyBay name, the BEAUTYBAY Marks, and the marks CLEARANCEBAY

and FRAGRANCEBAY, as set forth above;

3.    A judgment ordering Defendants, pursuant to 15 U.S.C. § 1118, to deliver

up for destruction, or to show proof of said destruction or sufficient modification to

eliminate the infringing matter, all articles, packages, wrappers, products, displays, labels,

signs, vehicle displays or signs, circulars, kits, packaging, letterhead, business cards,

promotional items, clothing, literature, sales aids, receptacles or other matter in the

possession, custody, or under the control of Defendants or their agents bearing in any

manner the BEAUTYBAY Marks, the BeautyBay trade name, the CLEARANCEBAY and

FRAGRANCEBAY names and marks, or any mark that is confusingly similar to or a

colorable imitation of this these marks, both alone and in combination with other words or

terms;

4.    A judgment ordering Defendants to take all steps necessary to cancel or

remove the trade names BeautyBay and Beauty Bay from any state(s) in which Defendants

are licensed or registered to do business, and to otherwise take all steps necessary to change

those business names;

5.    An Order, pursuant to 15 U.S.C. § 1119, directing the United States Patent

and Trademark Office to cancel Defendants' application to register the BEAUTY BAY

mark, Ser. No. 77/855,722.

COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF
Case No.

6.      A judgment ordering Defendants to take all steps necessary to cancel the domain names www.beautybay.com and www.fragrancebay.com, and all other domain names they control, own, or operate that are directed to US consumers and which contain the terms "BeautyBay," "FragranceBay," "ClearanceBay," or any similar names, and to remove all references to the BeautyBay trade name and BEAUTYBAY Marks from any of their other websites, if any;

7.      A judgment ordering Defendants to account to eBay any and all revenues and profits that they have derived from their wrongful actions and to pay all damages that eBay has sustained by reason of the acts complained of herein;

8.      A judgment awarding eBay enhanced damages under 15 U.S.C. §1117, its reasonable attorneys' fees and costs of suit, prejudgment interest, and, for Defendants' willful and wanton actions, punitive damages against Defendants; and

9.      A judgment granting eBay such other and further relief as the Court deems just and proper.

Dated:  June 20, 2013.

BOBBY A. GHAJAR
JAMES R. CADY
MARCUS D. PETERSON
PILLSBURY WINTHROP SHAW PITTMAN LLP

By _____
Bobby A. Ghajar
Attorneys for Plaintiff
EBAY INC.

COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF
Case No.

1

## <u>REQUEST FOR JURY TRIAL</u>

2    eBay hereby demands a trial by a jury on all issues so triable.

3              Dated:  June 20, 2013.

4                                        BOBBY A. GHAJAR
                                         JAMES R. CADY
5                                        MARCUS D. PETERSON
                                         PILLSBURY WINTHROP SHAW PITTMAN LLP
6

7
                                         By _____
8                                                 Bobby A. Ghajar
                                              Attorneys for Plaintiff
9                                                  EBAY INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                          COMPLAINT FOR DAMAGES
                                          AND INJUNCTIVE RELIEF
                                          Case No.